UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

BONIFACIO BELENO,           )
                            )
        Petitioner,         )
                            )
v.                          )    Case No. CV 306-74
                            )
MICHAEL PUGH, Warden,       )
                            )
        Respondent.         )

### ORDER

Petitioner Beleno, an inmate at McRae Correctional Facility, brings this pro se habeas corpus petition pursuant to 28 U.S.C. §2241. Petitioner's case is now before this Court for initial screening. The Magistrate Judge recommends that this petition be dismissed for several reasons including lack of jurisdiction because Petitioner has failed to exhaust his administrative remedies. After a careful, de novo review of the file, this Court concurs with the Magistrate Judge's Report and Recommendation, to which no objection has been filed.

Prisoners seeking habeas relief, including relief pursuant to 28 U.S.C. § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). In the current case, Petitioner has not demonstrated, or even alleged, that he has exhausted the administrative remedies available to him through the McRae Correctional Facility's grievance procedure. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (stating "a claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted").

The exhaustion requirement in § 2241 cases is jurisdictional, and this Court must resolve jurisdictional issues before addressing the merits of any underlying claims. <u>Jaimes v. U.S.</u>, 168 Fed.Appx. 356, 359 (11th Cir. 2006). Because Petitioner has not demonstrated that he has exhausted his administrative remedies and the exhaustion requirement is jurisdictional, this Court must dismiss Petitioner's case for failure to exhaust his administrative remedies. <u>See</u> <u>id</u>. Because this Court has no jurisdiction, this Court declines to consider the merits of Petitioner's underlying claim.[1]

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's case is **DISMISSED** for lack of jurisdiction because Petitioner failed to exhaust his administrative remedies. The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED.**

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2006

---

[1] Although this Court declines to consider the merits of Petitioner's underlying claim at this time, Petitioner may exhaust his administrative remedy and re-file his claim. However, the Court notes that the Eleventh Circuit has not previously been receptive of claims for "downward departures based upon collateral consequences related directly or indirectly to the defendant's status as an alien." <u>U.S. v. Maung</u>, 320 F.3d 1305, 1308 (11th Cir. 2003).